UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OUBRE,<br><br>               Plaintiffs,<br><br>  vs.<br><br>BEARD, et al.,<br><br>               Defendants. | 1:19-cv-01550-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT LEAVE TO AMEND, BASED ON PLAINTIFF'S FAILURE TO STATE A CLAIM**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Thomas Oubre ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 31, 2019.  (ECF No. 1.)  On September 20, 2020, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 12.)  On October 29, 2020, Plaintiff filed the First Amended Complaint which is now before the court for screening.  28 U.S.C. § 1915.  (ECF No. 13.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California. At the time of the events at issue in the First Amended Complaint, Plaintiff was incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Correctional Officer (C/O) G. Beard and A. Pacheco (RN) (collectively, "Defendants").

Plaintiff's allegations follow:

### *Defendant Pacheco (RN)*

On December 6, 2018 and December 27, 2018, Plaintiff informed Facility "F" medical Defendant Pacheco that his ADA medical walker seat and wheel were broken and in need of repair or replacement. Despite having knowledge of Plaintiff being a mobility-impaired individual under the ADA, and at a high risk of experiencing falls, Defendant failed her duty to take appropriate action in evaluating the condition of the walker and issuing a replacement, or providing another adequate accommodation. Instead, Defendant Pacheco disregarded an obvious substantial risk that Plaintiff's broken walker posed a serious threat to his physical safety. Plaintiff attempted to sit down on his walker, the walker seat came off and Plaintiff fell to the ground unconscious, which resulted in serious injuries to Plaintiff's head, neck, and back. This constitutes deliberate indifference to Plaintiff's obvious serious medical needs in violation of the Eighth Amendment.

### *Defendant C/O Beard*

On the evening of December 6, 2018, at approximately 6:00pm, Plaintiff was walking with his medical walker to chow when suddenly the walker screw broke and the wheel fell off. Defendant Beard noticed that the wheel had broken off the walker. Plaintiff informed Defendant Beard that Facility "F" medical failed to repair his walker and asked Defendant for help with notifying medical for repairs or replacement of his medical walker. Defendant Beard failed to act or report a serious threat to Plaintiff's physical safety which resulted in serious harm to Plaintiff when he attempted to sit on his walker and the seat and wheel broke causing Plaintiff to fall to the ground, seriously injuring his head, neck, and back. This constitutes cruel and unusual punishment, a violation of Plaintiff's constitutional rights under the Eighth Amendment.

### **Relief Requested**

Plaintiff requests a declaratory judgment, monetary damages including punitive damages, costs of suit, and reasonable attorney fees.

///

///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp.,

637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Failure to Protect – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Here, Plaintiff has shown that his deprivation was sufficiently serious because he fell to the ground when the seat of his walker broke, causing injuries to the back of his head, neck, and

lower back. However, while Plaintiff has shown that he told Defendants that his walker needed repair, he has not alleged facts demonstrating that the Defendants individually acted with recklessness or subjectively understood that without repair there was a substantial risk that Plaintiff could be seriously injured. Moreover, Plaintiff has not shown that Defendants consciously knew the situation was serious which required their immediate attention, yet ignored the risk causing Plaintiff to be injured. Plaintiff states, at most, a claim for negligence which is not actionable in this § 1983 case. Therefore, Plaintiff fails to state an Eighth Amendment claim for failure to protect him.

## V.  CONCLUSION, ORDER, AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint against either of the Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." However, Plaintiff has already filed two complaints with ample guidance by the court and has not yet stated a cognizable claim. Here, the court is persuaded that Plaintiff is unable to allege any additional facts, based upon the circumstances he challenges, that would state a cognizable claim under § 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies in Plaintiff's claims outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case,

and

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days after the date of service** of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 19, 2021**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE